**In re Johannes B. BUCHNER.**

**No. 91–1046.**

United States Court of Appeals,
Federal Circuit.

March 26, 1991.

Jack E. Haken, U.S. Philips Corp., Tarrytown, N.Y., submitted for appellant.

Fred E. McKelvey, Sol., Office of the Sol., Arlington, Va., submitted for appellee. With him on the brief were Richard E. Schafer and Lee E. Barrett, Associate Solicitors.

Before MAYER, MICHEL, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

Johannes B. Buchner appeals from the July 17, 1990, decision of the Board of Patent Appeals and Interferences (Board), Appeal No. 89–2590, affirming the examiner's rejection of all of his claims for failure to provide an enabling disclosure under the first paragraph of 35 U.S.C. § 112. We affirm.

## BACKGROUND

The claimed invention relates to a higher order digital transmission system which communicates a plurality of separate digital streams over a common channel. It includes a transmitter portion (block encoding arrangements and multiplexer) and receiver portion (a demultiplexer and block decoding arrangements). The receiver portion of the system further includes a phase comparator having four inputs and one output and a divider having two inputs and one output.

Buchner's application was rejected by the Patent and Trademark Office (PTO) on the ground that it failed to describe how to make and use the phase comparator and divider without undue experimentation. Although the functions of the phase compa-

rator and divider were adequately disclosed, the examiner rejected the application because the design structures of the two elements were not disclosed. The examiner asserted that the comparator was not a typical two input phase comparator and the divider was not a typical one input divider.

Buchner offered a declaration of Professor Jan Louis de Kroes which stated that "the elements referred to in the application as divider 19 and phase comparator 16 were well-known to those of ordinary skill in the art as of June 17, 1985," the filing date of a foreign priority application. The declaration also stated that these elements were "routinely built"; it provided details concerning the structure and function of the elements.

The PTO did not accept the declaration as overcoming the rejection, stating that it was mere conclusion unsupported by factual documentation and that it provided inadequate indication that the technology concerning the comparator and divider was well-known.

The Board, on all the evidence before it, found that there was a reasonable basis for the examiner to question the sufficiency of the disclosure with respect to the structure of the comparator and divider and that the declarant's assertions that these elements were "well-known" and "routinely built" were conclusory statements unsupported by any other evidence.

## DISCUSSION

Buchner claims that the Board erred in affirming the examiner's rejection, arguing that the declaration of de Kroes, an expert, unequivocally establishes a fact that cannot be dismissed "in the absence of a ... contrary inference from other evidence." We affirm the Board's decision.

█ In order to be enabling under 35 U.S.C. § 112, a patent application must sufficiently disclose an invention to enable those skilled in the art to make and use it. The specification need not disclose what is well known in the art. *Lindemann Maschinenfabrik GMBH v. American Hoist &*

*Derrick Co.,* 730 F.2d 1452, 1463, 221 USPQ 481, 489 (Fed.Cir.1984). However, an examiner may reject a claim if it is reasonable to conclude that one skilled in the art would be unable to carry out the claimed invention. *See In re Eynde,* 480 F.2d 1364, 1370, 178 USPQ 470, 474 (CCPA 1973).

We conclude that it was reasonable in this case for the examiner to doubt that the claimed invention could have been carried out based on the disclosure since the elements at issue are integral to the practice of the invention and neither the application nor the prior art described their structure. The applicant thus had the burden of overcoming this rejection. *Id.*

█ The declaration of de Kroes did provide significant detail concerning the structure and function of the elements in question. However, § 112 requires that, unless the information is well known in the art, the application itself must contain this information; it is not sufficient to provide it only through an expert's declaration. *In re Smyth,* 189 F.2d 982, 990, 90 USPQ 106, 112, 38 CCPA 1130 (1951).

█ Moreover, an expert's opinion on the ultimate legal issue must be supported by something more than a conclusory statement. *See In re Brandstadter,* 484 F.2d 1395, 1405, 179 USPQ 286, 294 (CCPA 1973). De Kroes only stated that "the elements referred to in the application as divider 19 and phase comparator 16 were well known to those of ordinary skill in the art as of June 17, 1985" and that they were "routinely built." He did not provide adequate support for his conclusion. What he did describe was how *he* would construct the divider and phase comparator, but he did not demonstrate that such construction was well-known to those of ordinary skill in the art.

As stated by the Board, "[i]f the relatively complex phase comparator and divider arrangement described in the declaration were so 'well-known' and 'routinely built' as of the effective filing date, the declarant should have [had] no trouble documenting the same...."

**662**

We conclude that the Board did not err in affirming the examiner's rejection of all the claims in Buchner's application for failure to comply with 35 U.S.C. § 112, paragraph 1.

AFFIRMED.